IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBBY RAY COLLINS,** | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-12-01537** |
| v. | : | **(Judge Rambo)** |
| **JEFF THOMAS, et al.,** | : | |
| **Respondents** | : | |

# **M E M O R A N D U M**

Petitioner Bobby Ray Collins, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated the captioned action *pro se* by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 8, 2012.[1]  (Doc. 3.)  In his petition, Petitioner challenges his placement in the Special Management Unit ("SMU") at USP-Lewisburg.  Petitioner has also filed a request for leave to proceed *in forma pauperis*.  (Doc. 4.)

The court will give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  For the reasons set forth below, Petitioner will be granted leave to proceed *in forma pauperis* for the sole purpose of the filing of this matter, and the petition will be

---

[1] Petitioner names Jeff Thomas, Joe Norwood, David Young, David Brewer, and Christopher Hendrickson as Respondents.  However, as the only proper Respondent in a § 2241 proceeding is Petitioner's custodian, in this case B.A. Bledsoe, the Warden of USP-Lewisburg, Warden B.A. Bledsoe will be deemed the sole Respondent.

dismissed without prejudice to Petitioner's right to pursue his claims in a properly filed civil rights action.

**I.     Background**

In his petition, Petitioner alleges that on April 21, 2009, he arrived at the SMU at USP-Lewisburg, where he is currently confined. (Doc. 1 at 4.) Petitioner claims that since his arrival at the SMU, USP-Lewisburg officials have hindered his progress and denied him a chance to advance in the program. (*Id*. at 4-7.) Specifically, he alleges that he was denied admittance to the Release Preparation Program and was denied a "pre-hearing" prior to the decision to extend his term in the SMU. (*Id*.) He further claims that USP-Lewisburg officials have falsified documents relevant to his progress in the program. (Doc. 1-1.) As relief, Petitioner requests placement in a halfway house or transfer to another institution. (Doc. 1 at 9.)

**II.    Discussion**

As stated above, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in

pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Id.*

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Green v. Bledsoe*, Civ. No. 4:10-CV-0059, 2010 WL 1372409, at *1 (M.D. Pa. Apr. 5, 2010) (quoting *Suggs v. Bureau of Prisons*, Civ. No. 08-3613, 2008 WL 2966740, at *4 (D. N.J. July 31, 2008)). Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. Where

3

a federal inmate is challenging the conditions of his confinement, the filing of a *Bivens*[2] action under 28 U.S.C. § 1331, the federal counterpart to a § 1983 action, is appropriate.

In the instant case, Petitioner's challenges to his placement in the SMU are not challenges to the fact or duration of his confinement.  He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully.  Rather, Petitioner is complaining that his placement and continued confinement in the SMU at USP-Lewisburg violate his constitutional rights.  This placement, however, does not affect the length of his sentence.  Further, a decision in his favor would not alter his sentence or undo his conviction.  Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. § 2241, but rather could be pursued through the filing of a *Bivens* action.  *See Bedenfield v. Lewisburg*, No. 10-1750, 2010 WL 3511507, at *1 (3d Cir. Sept. 9, 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition"); *Green*, 2010 WL 1372409, at *2 (dismissing petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241); *Woodruff v. Williamson*, Civ. No. 3:06-CV-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12,

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

2009) (same). Accordingly, the instant petition will be dismissed without prejudice to Petitioner's right to pursue his claims in a properly filed civil rights action.[3]

An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                            United States District Judge

Dated: August 21, 2012.

---

[3] The court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted in the instant petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BOBBY RAY COLLINS,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-12-01537**
:
**v.** : **(Judge Rambo)**
:
**JEFF THOMAS, et al.,** :
:
    **Respondents** :

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED** for the sole purpose of filing this action.

2) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice to Petitioner's right to pursue his claims in a properly filed civil rights action.

2) The Clerk of Court is directed to **CLOSE** this case.

                                                   s/Sylvia H. Rambo
                                                   United States District Judge

Dated: August 21, 2012.